<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TROCAN BERRY, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 09-1964 (GEB) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| YEACON GORPU DIGGS | : | |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff Trocan Berry ("Plaintiff"), a resident of Georgia, brings this *pro se* action before the court, alleging "sexual malpractice" on the part of defendant Yeacon Gorpu Diggs ("Defendant"), without prepayment of the filing fee pursuant to 28 U.S.C. §1915. For the reasons set forth below, this Court will grant *in forma pauperis* status to Plaintiff. Moreover, this Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction and alternatively, pursuant to 28 U.S.C. §1915(e)(2)(B), this Court has screened the Complaint for dismissal and will dismiss the case without prejudice because the claims are frivolous.

## I.      BACKGROUND

According to the Complaint, in early April 2009, Plaintiff contacted Defendant after seeing her mother's obituary. Compl. at 2. Plaintiff states that he and Defendant were elementary school classmates but that they had not seen each other for over twenty-one years. *Id*. Over the phone, Plaintiff and Defendant discussed the possibility of meeting in person for the express purpose of conceiving children together. *Id*. Defendant wired Plaintiff $200 to fund his trip from Georgia to New Jersey so that they could meet in person. *Id*.

Plaintiff avers that, after his arrival, Plaintiff stayed with Defendant for two days, during which time the two "indulg[ed] . . . [in] sexual intercourse for the sole purpose for procreation." *Id*. Plaintiff alleges that, at some point during his stay, he and Defendant had an argument regarding his attendance of her church, at which time Defendant insisted that Plaintiff leave her home, which Plaintiff did. *Id*.

Plaintiff filed the Complaint in the instant action on April 27, 2009. Plaintiff filed this action *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Attached to the Complaint is Plaintiff's Application To Proceed Without Prepayment Of Fees And Affidavit ("Application"). In the Complaint, Plaintiff alleges that "a pre-deterministic sexual encounter, carried out in total disregard to established civil standards of living would have adverse consequences on me and my family." Compl. at 3. Plaintiff further requests the court to hear his "accusation of sexual malpractice" and also asks the Court to require each party to "make available their HIV status." *Id*.

## II.   DISCUSSION

### A.      Standard for *In Forma Pauperis* Status

According to 28 U.S.C. 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." In making an application for *in forma pauperis* status, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty. *United States ex rel. Roberts v. Pennsylvania,* 312 F. Supp. 1, 2 (E.D. Pa. 1969) (finding affiant's application

legally insufficient where the application failed to state the facts of affiant's poverty with any degree of particularity, definiteness or certainty) (citing *United States v. Coor,* 213 F. Supp. 955, 956 (D.D.C. 1963), *rev'd on other grounds,* 325 F.2d 1014 (D.C. Cir. 1963); *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960))**.**

Here, Plaintiff asserts in his Application that (1) he is unemployed; (2) he does not have any cash or checking or saving accounts; (3) and he does not own any real estate, stocks, securities, other financial instruments, automobiles or any other thing of value.  Application. Therefore, this Court will grant *in forma pauperis* status to Plaintiff.

### B.     The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Case

In the Third Circuit and the District of New Jersey, it is beyond dispute that:

> A federal court must have subject matter jurisdiction in order to hear a case. Subject matter jurisdiction in federal court falls within two categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $ 75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States.

*Scioscia v. Target Corp.,* No. 08-2593, 2008 U.S. Dist. LEXIS 53508, at *3 (D.N.J. July 14, 2008).

In the instant case, the parties are citizens of different states: Georgia and New Jersey. However, Plaintiff has not set forth the specific amount of damages he is seeking.  Therefore, Plaintiff fails to meet the amount-in-controversy requirement of $75,000 pursuant to 28 U.S.C. § 1332.  Therefore, this Court does not have diversity jurisdiction over the matter.

As to federal question jurisdiction, the United States Supreme Court has held that, under

the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, *Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).  Here, Plaintiff alleges Defendant committed "sexual malpractice" and requests that both parties make their HIV status available. Compl. at 3.  As such, Plaintiff does not state any claim that arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

In light of the foregoing, this Court does not have subject matter jurisdiction over the matter and will dismiss the Complaint without prejudice.

**C.      Plaintiff's Case is Also Frivolous**

Even if Plaintiff had alleged facts sufficient to establish subject matter jurisdiction, this Court would nevertheless dismiss the case because it is frivolous. Pursuant to 28 U.S.C. 1915(e)(2)(B), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is (i) frivolous or malicious; or (ii) fails to state a claim on which relief may be granted."

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915, "a district court is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless." *Roman v. Jeffes*, 904 F.2d 192, 194 (3rd Cir. 1990) (citation omitted). "Within the former category fall those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality." *Id.* (quoting

*Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990) (internal quotations omitted)).[1]

Plaintiff alleges that Defendant is liable for "sexual malpractice" and also seeks to compel both parties to "make available their HIV status." Compl. at 3. This Court cannot find any case nor statute that supports Plaintiff's contention that a cause of action exists where one party in a consenting sexual encounter refuses to continue the relationship. As such, Plaintiff's claim is frivolous because it has no "arguable basis in law." *Neitzke*, 490 U.S. at 328; *see also Roman*, 904 F.2d at 194.

**III.    CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's application to proceed *in forma pauperis* and dismisses the Complaint without prejudice for lack of subject matter jurisdiction. Alternatively, the Court dismisses the case because the claims are frivolous.

Dated: June 16, 2009

　　　　　　　　　　　　　　　　　　　　／s／ Garrett E. Brown, Jr.　　　
　　　　　　　　　　　　　　　　　　　　GARRETT E. BROWN, JR., U.S.D.J.

---

[1] Further, the Court is mindful that less stringent standards of specificity should be applied to a pro se litigant and the complaint should be construed liberally. *Lewis v. Attorney General of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989). "We need not, however, credit a pro se litigant's bald assertions or legal conclusions." *Day v. Fed. Bureau of Prisons*, 233 Fed. Appx. 132 (3d Cir. 2007) (internal quotations and citations omitted). Thus, although "[p]ro se plaintiffs cannot be held to the same strict standards as attorneys, . . . they also cannot be excused from compliance with the plain text of the federal rules." *Junne v. Atlantic City Med. Ctr.*, No. 07-5262, 2008 U.S. Dist. LEXIS 71832 at *3 n. 1 (D.N.J. Sept. 3, 2008) (quoting *Joseph v. Lopez,* No. 05-1640, 2007 U.S. Dist. LEXIS 27879, at *2 (D.N.J. Apr. 11, 2007) (internal quotations and citations omitted)).